UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

LUIS R. SANTAMARIA,

                   Plaintiff

v.

GREENFIELD COMMUNITY
COLLEGE and DR. ROBERT PURA,

                   Defendants

## **COMPLAINT AND JURY DEMAND**

### **Parties**

1.     The Plaintiff, Luis R. Santamaria (hereinafter referred to as "Plaintiff"), is a natural person with a residential address of 235 Laurelton Street, Springfield, Hampden County, Massachusetts.

2.     The Defendant, Greenfield Community College (hereinafter referred to as "Defendant GCC" or collectively as "Defendants"), is a Massachusetts educational institution located at One College Drive, Greenfield, Franklin County, Massachusetts.

3.     The Defendant, Dr. Robert Pura (hereinafter referred to as "Defendant Pura" or collectively as "Defendants") is a natural person with a last known business address of One College Drive, Greenfield, Franklin County, Massachusetts.

### **Jurisdiction**

4.     This Court has original jurisdiction over the federal claims set forth herein, pursuant to 28 U.S.C. §§ 1331, 1332 and otherwise. There are federal questions of law. The Plaintiff's

federal claims are brought pursuant to Title VII of the Civil Rights Act of 1964, as

amended ("Title VII"), 42 U.S.C. § 2000e et seq.

5.      This Court has supplemental jurisdiction over the state claims set forth herein pursuant to

28 U.S.C. § 1367 and otherwise. The Plaintiff's state claims are brought pursuant to

Massachusetts General Laws chapter 151B et seq.

## Facts

6.      The Plaintiff is of Central American (Nicaraguan) and Hispanic national origin/ethnicity.

7.      The Plaintiff began his employment with the Defendant GCC in or about February of

2015. The Plaintiff last held the position of Director of Public Safety.

8.      The Plaintiff performed his job responsibilities well throughout the course of his

employment with the Defendant GCC. The Plaintiff received a positive annual

performance review as well and annual raise.

9.      Throughout the course of the Plaintiff's employment at the Defendant GCC, the Plaintiff

was treated differently than his peers and co-workers that were of non-Central

American/Hispanic national origin/ethnicity. The Plaintiff suffered a hostile work

environment based upon his Central American/Hispanic national origin/ethnicity.

10.     For example, shortly after beginning his employment with the Defendant GCC, Peter

Sennett, Executive Director of Public Safety, Human Resources and Title IX officer,

addressed and referred to the Plaintiff as "LOO-is" (American pronunciation) as opposed

to his actual name, "loo-EES" (Spanish pronunciation). Mr. Sennett often referred to the

Plaintiff by the incorrect name during weekly meetings and would ignore the Plaintiff

when he corrected him. Often times, if the Plaintiff corrected Mr. Sennett, Mr. Sennett

would stop talking, stare at the Plaintiff in silence and then proceed with the meeting as if

nothing had happened. On other occasions, Mr. Sennett would continue with the meeting – talking over the Plaintiff when he attempted to correct him.

11.    Mr. Sennett continued to address and refer to the Plaintiff as the incorrect name thereafter and, ultimately, the Plaintiff's peers and co-workers began addressing and referring to the Plaintiff as the incorrect name as well.

12.    Mr. Sennett, as human resources and Title IX officer, was responsible for taking and investigating employee complaints of discrimination and harassment. Therefore, in or about June of 2016, the Plaintiff complained to Mr. Sennett that he felt he was being treated differently than his peers and co-workers where they were referred to and addressed as their correct or preferred name whereas the Plaintiff was continually and purposefully being called the incorrect name. Mr. Sennett rolled his eyes and smirked at the Plaintiff in response and never acknowledged the Plaintiff's complaint.

13.    Mr. Sennett and the Plaintiff's peers and co-workers continued to call the Plaintiff the wrong name thereafter.

14.    On numerous occasions, the Defendant GCC allowed the Plaintiff's Caucasian co-workers to take vehicles owned by the Defendant GCC in order to attend required work-related events that were located off-campus but denied the Plaintiff the same privilege. For example, in or about November of 2016, the Defendant GCC denied the Plaintiff's request to use one of the Defendant GCC's vehicles in order to attend off-campus training in Springfield, Massachusetts but granted one of the Plaintiff's (Caucasian) co-worker's request to do the same. The Plaintiff's request was denied without explanation and the Plaintiff was required to use his own vehicle to attend off-campus training.

15.    In or about January of 2017, the Plaintiff contacted Mr. Sennett to ask whether the Defendant GCC still wanted to close the buildings over the weekend since the Defendant

GCC's hours of operation changed. Rather than answering the Plaintiff's question, Mr.

Sennett became angry with the Plaintiff and began yelling at him saying that he could

never understand what the Plaintiff was saying (because of his accent). Yet, the Plaintiff

had had numerous conversations with Mr. Sennett in the past without issue and Mr.

Sennett had never mentioned anything in the past about an inability to understand what

he was saying. The Plaintiff, startled by Mr. Sennett's out lash, pointed out that Mr.

Sennett had never raised an issue with understanding him in the past. Confused, the

Plaintiff asked Mr. Sennett if he was referring to his accent but Mr. Sennett ignored the

Plaintiff's question. Mr. Sennett told the Plaintiff that they would "talk about [it] later"

and abruptly hung up the telephone on the Plaintiff.

16.    The Plaintiff continued to experience discrimination and harassment based upon his

Central American/Hispanic national origin/ethnicity thereafter despite his reporting and

resisting of the same.

17.    Mr. Sennett was responsible for receiving and investigating employee complaints of

discrimination and harassment but continued to discriminate against and harass the

Plaintiff and ignored his complaints regarding the same. Consequently, the Plaintiff

believed any further complaints to Mr. Sennett would be futile and felt he had no other

option but to file a Charge of Discrimination ("Charge") with the Massachusetts

Commission Against Discrimination ("MCAD").

18.    On or about January 5, 2017, the Plaintiff filed a Charge with the MCAD wherein he

alleged that the Defendant GCC had discriminated and retaliated against him based upon

his Central American/Hispanic national origin/ethnicity.

19.    On or about January 11, 2017, Mr. Sennett and Tim Braim, Chief Financial Officer of the

Defendant GCC, told the Plaintiff that his employment was being terminated at the

4

direction of the Defendant Pura, President of the Defendant GCC, for an alleged "lack of leadership skills" and a "style" of work they found unsatisfactory.

20. Throughout the course of the Plaintiff's employment with the Defendant GCC, however, the Plaintiff had never received any form of reprimand let alone any negative comments from his supervisors regarding his leadership skills and/or work style.

21. During the termination meeting, the Plaintiff was presented with a Mutual Memorandum of Agreement ("Agreement"). The Agreement stated that, if the Plaintiff withdrew his Charge from the MCAD, the Plaintiff could go out on a one (1) month paid administrative leave and resign from his employment as opposed to being terminated that day. The Plaintiff refused to sign the Agreement.

22. On or about January 11, 2017, the Plaintiff's employment with the Defendant GCC was terminated.

23. The Plaintiff has satisfied the prerequisites to filing suit.

### Count I
### (Title VII - Retaliation)
### Plaintiff v. Defendant GCC

24. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

25. The Plaintiff is of Central American/Hispanic national origin/ethnicity and was treated differently as to the terms and conditions of his employment based upon his reporting and resisting of the discrimination and harassment he experienced based upon his national origin/ethnicity.

26. The Plaintiff was retaliated against and his employment with the Defendant GCC was terminated based upon the Plaintiff's reporting and resisting of the Defendants' discriminatory, harassing and retaliatory conduct.

27.     This environment and the conditions imposed upon the Plaintiff related to and adversely affected the terms and conditions of his employment. The Plaintiff's employment was terminated.

28.     The Plaintiff was severely and adversely affected by the Defendants' conduct and the failure of the Defendants to take reasonable steps to ensure that this discriminatory and harassing conduct and retaliation would not continue.

WHEREFORE, the Plaintiff, Luis R. Santamaria, respectfully requests judgment against the Defendant, Greenfield Community College, and for all damages available pursuant to Title VII.

**Count II**
**(M.G.L. c. 151B - Retaliation)**
**Plaintiff v. Defendant GCC**

29.     The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

30.     The Plaintiff is of Central American/Hispanic national origin/ethnicity and was treated differently as to the terms and conditions of his employment based upon his reporting and resisting of the discrimination and harassment he experienced based upon his national origin/ethnicity.

31.     The Plaintiff was retaliated against and his employment with the Defendant GCC was terminated based upon the Plaintiff's reporting and resisting of the Defendants' discriminatory, harassing and retaliatory conduct.

32.     This environment and the conditions imposed upon the Plaintiff related to and adversely affected the terms and conditions of his employment. The Plaintiff's employment was terminated.

33.     The Plaintiff was severely and adversely affected by the Defendants' conduct and the

         failure of the Defendants to take reasonable steps to ensure that this discriminatory and

         harassing conduct and retaliation would not continue.

         WHEREFORE, the Plaintiff, Luis R. Santamaria, respectfully requests judgment against

the Defendant, Greenfield Community College, and for all damages available pursuant to M.G.L.

c. 151B.

### Count III
### (M.G.L. c. 151B - Retaliation)
### Plaintiff v. Defendant Pura

34.     The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

35.     The Plaintiff is of Central American/Hispanic national origin/ethnicity and was treated

         differently as to the terms and conditions of his employment based upon his reporting and

         resisting of the discrimination and harassment he experienced based upon his national

         origin/ethnicity.

36.     The Plaintiff was retaliated against and his employment with the Defendant GCC was

         terminated based upon the Plaintiff's reporting and resisting of the Defendants'

         discriminatory and retaliatory conduct.

37.     This environment and the conditions imposed upon the Plaintiff related to and adversely

         affected the terms and conditions of his employment. The Plaintiff's employment at the

         Defendant GCC was terminated at the direction of the Defendant Pura.

38.     The Plaintiff was severely and adversely affected by the Defendants' conduct and the

         failure of the Defendants to take reasonable steps to ensure that this discriminatory and

         harassing conduct and retaliation would not continue.

         WHEREFORE, the Plaintiff, Luis R. Santamaria, respectfully requests judgment against

the Defendant, Dr. Robert Pura, and for all damages available pursuant to M.G.L. c. 151B.

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL COUNTS SO TRIABLE IN THE FEDERAL COURT PURSUANT TO RULE 38 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND OTHERWISE.**

Respectfully submitted,

The Plaintiff
LUIS R. SANTAMARIA
By His Attorney

*/s/ Daniel J. O'Connell*                    Dated: September 11, 2017
DANIEL J. O'CONNELL, ESQ.
BBO No. 550633
O'Connell & Plumb, P.C.
75 Market Place
Springfield, Massachusetts 01103
Telephone No. (413) 733-9111
Facsimile No. (413) 733-9888
Email: doconnell@ocpllaw.com

CERTIFICATE OF SERVICE

I, Daniel J. O'Connell, Esq., hereby certify that on this 11th day of September 2017, I caused a true copy of the foregoing document to be served via electronic filing through the ECF system to Counsel of Record for the Defendants.

*/s/ Daniel J. O'Connell*
Daniel J. O'Connell