UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LUIS R. SANTAMARIA,<br>    Plaintiff,<br><br>    v.<br><br>GREENFIELD COMMUNITY<br>COLLEGE,<br>    Defendant. | C.A. NO. 17-cv-30121-MAP |

MEMORANDUM AND ORDER
REGARDING DEFENDANT'S MOTION TO DISMISS
(Dkt. No. 7)

April 16, 2018

PONSOR, U.S.D.J.

    Plaintiff Luis Santamaria has brought this one-count complaint against Defendant Greenfield Community College under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a).  Plaintiff alleges that he suffered retaliation in the form of termination based on his oral complaints about ethnic and racial discrimination in the workplace and his filing of a formal written complaint with the Massachusetts Commission Against Discrimination (MCAD).

    Defendant has moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  Lack

of subject matter jurisdiction under Rule 12(b)(1) was also mentioned in the motion, but the argument on this theory was not developed. Initially, the court set the motion for oral argument. On further reflection and after a careful review of the papers, the court has concluded that argument is not necessary. For the reasons set forth below, the motion will be denied.

To survive a motion to dismiss for failure to state a claim, a plaintiff must show that he has alleged sufficient factual matter to state a plausible claim. <u>Haley v. City of Boston</u>, 657 F.3d 39, 46 (1st Cir. 2011). The factual allegations cannot be simply conclusory or overly vague, but they need not be set forth in minute detail. <u>Id.</u>

Here, the Amended Complaint (Dkt. No. 11) sets forth allegations of specific incidents of disparate treatment and particular interactions tainted by ethnic bias. Moreover, the complaint alleges that Defendant terminated Plaintiff only three working days after he filed his complaint with the MCAD. This quantum of facts is sufficient to make dismissal inappropriate.

Defendant contends that Plaintiff's MCAD filing was not made in "good faith" because Plaintiff was aware that his termination was imminent for non-discriminatory reasons at the time he made the filing. The argument suffers from at least two problems. First, it is based on documents not within the four corners of the complaint. Moreover, the bad-faith scenario relied upon by Defendant may be subject to different interpretations after completion of discovery. Defendant's argument may perhaps be offered again at the summary judgment stage anchored on a fuller record, but it is insufficient to justify dismissal at this stage.

For the foregoing reasons, the Motion to Dismiss (Dkt. No. 7) is DENIED. The case is hereby referred to the Magistrate Judge for pretrial conference pursuant to Fed. R. Civ. P. 16.

It is so ordered.

    /s/ Michael A. Ponsor
MICHAEL A. PONSOR
U.S. DISTRICT JUDGE